J. Richard Lake Jackson County Counselor 100 West 5th St. Holton, Kansas 66436-1705
Dear Mr. Lake:
You request our opinion regarding the sale of county property. You specifically ask whether land bought by the board of Jackson county commissioners with money in the county's general fund for office space for the sheriff and the 911 emergency telephone system is considered to be land owned by the county or is land "belonging to a county law enforcement department" as the term is used in K.S.A. 1993 Supp. 19-211, as amended by L. 1994, ch. 80, sec. 2.
K.S.A. 1993 Supp. 19-211(a), as amended by L. 1994, ch. 80, sec. 2, in part provides:
 "Except for any property belonging to a county law enforcement department and as otherwise provided in this section, no property, the value of which is more than $50,000, belonging to any county shall be sold or disposed of by any board of county commissioners without a unanimous vote of such commissioners and public notice of such sale or disposition. Such notice shall state the time or date of the sale or disposition or the date after which the property will be offered for sale or disposal, the place of the sale or disposition and the terms and conditions of the sale or disposition. Such notice shall be published at least once each week for three consecutive weeks prior to the sale or disposition in the official newspaper of the county. The property shall be sold or disposed of publicly, in the manner deemed prudent by the board of county commissioners, to the person or entity tendering the highest and best bid as determined by the board. The board of county commissioners shall have the right to reject any or all bids."
If the land in question is considered to be "property belonging to a county law enforcement department," the requirements of a proper sale contained in K.S.A. 1993 Supp. 19-211, as amended, would not apply to the proposed sale.
The language excepting land belonging to county law enforcement departments was added in 1978 in conjunction with an amendment to K.S.A. 19-4429 which allows law enforcement agencies to "sell police vehicles belonging to the law enforcement department and credit the proceeds to a separate fund to be expended for the operation of the county law enforcement agency and department." K.S.A. 19-4429(k). Thus, the exception was made to the procedural requirements to allow for county law enforcement departments to sell police vehicles pursuant to a different procedure. We do not read the statute to include real property used by the Jackson county sheriff as property "belonging to a county law enforcement department." This is especially relevant here where, as you indicated, the land was purchased by Jackson county with money from the general fund rather than money from the sheriff's budget or any other money over which the sheriff exercised control.
Furthermore, the board of county commissioners has the power to purchase the real property; the sheriff's office does not have that power. K.S.A. 19-212 in part provides:
 "The board of county commissioners of each county shall have the power, at any meeting:
 "To purchase an existing building and the site upon which it is located for the purpose of providing additional space for county offices and to remodel and equip the same."
Although the definition of "belong" can be interpreted very broadly, requiring less than legal title, the situation here does not lend itself to that reading. The intent of the statute does not seem to encompass real property. Rather, it was intended for the specific purpose of excepting the sale of law enforcement vehicles from the provisions of K.S.A. 19-211.
In conclusion, real property used by the sheriff's office and purchased with proceeds from the county general fund, is not "property belonging to a county law enforcement department" as the phrase is used in K.S.A. 1993 Supp. 19-211, as amended by L. 1994, ch. 80, sec. 2.
Very truly yours,
 CARLA J. STOVALL ATTORNEY GENERAL OF KANSAS
 Nobuko K. Folmsbee Assistant Attorney General
CJS:JLM:NKF:bas